BRADLEY, Judge.
This is an appeal from a judgment rendered in favor of the appellee, Competitive Edge, Inc., against the appellant, Cloverleaf Lincoln-Mercury, Inc. (Cloverleaf), in the amount of $4,059.50.
The only issue raised by Cloverleaf on appeal is whether the circuit court erred in failing to grant Cloverleaf’s motion for directed verdict. Cloverleaf moved for a directed verdict on the ground that Competitive Edge was a foreign corporation not qualified to do business in Alabama within the meaning of Ala.Const. art. XII, § 232, and §§ 10-2A-247 and 40-14-4, Code 1975, and that therefore Competitive Edge’s suit against Cloverleaf on an open account and for work and labor performed in Alabama was barred.
The facts and issues in the case at bar are almost identical to those contained in Competitive Edge, Inc. v. Tony Moore Buick-GMC, Inc., 490 So.2d 1242 (Ala.Civ.App.1986). We therefore conclude that our decision on Competitive Edge, Inc. v. Tony Moore Buick-GMC, Inc., supra, is disposi-tive of the issues in the case at bar. In the above cited case we held that the trial court properly granted Tony Moore Buick-GMC’s motion for directed verdict on the ground that Competitive Edge was a nonqualified foreign corporation doing business in Ala *257 bama, and that it therefore could not use our courts to enforce its contract against Tony Moore Buick-GMC.
Accordingly, we hold in the case at bar that the trial court erred in failing to grant Cloverleaf’s motion for directed verdict. We reverse this case and remand it to the circuit court for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.